# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| BLUE STAR SPORTS HOLDINGS, INC., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> FEDERAL INSURANCE COMPANY, § <br> § <br> *Defendant.* § | § <br> § <br> § <br> § <br> Civil Action No.  4:22-CV-098 <br> Judge Mazzant <br> § <br> § <br> § <br> § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Federal Insurance Company's Motion to Bifurcate (Dkt. #79).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED.**

### BACKGROUND

This case arises out of an insurance agreement between the parties and a dispute regarding coverage.  The lawsuit was brought by the insured, Plaintiff Blue Star Sports Holdings, Inc. ("Blue Star"), against the insurer, Defendant Federal Insurance Company ("Federal") (Dkt. #33).  Blue Star alleges that Federal breached the parties' insurance policy when it denied coverage and failed to pay Blue Star for three separate claims that it made to Federal for over six million dollars in alleged theft-related losses caused by Blue Star employees (Dkt. #33 ¶¶ 6–45).

On February 11, 2022, Blue Star filed suit against Federal, requesting both actual damages and punitive damages for Federal's misconduct in handling Blue Star's claims (Dkt. #33 at p. 20). With trial now approaching, on May 1, 2023, Federal filed the pending motion pursuant to Federal Rule of Civil Procedure 42(b), requesting a bifurcated trial (Dkt. #79).  On May 15, 2023, Blue

Star filed a response, opposing the request (Dkt. #92).  On May 19, 2023, Federal filed a reply, maintaining its position that the trial should be conducted in two separate phases (Dkt. #102).

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." However, bifurcation "is not the usual course that should be followed." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (citations omitted).  The party seeking bifurcation of a trial bears the burden of proving that bifurcation is necessary. *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 662 (W.D. Tex. 2013) (quoting *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, 776 F. Supp. 2d 375, 402 (S.D. Tex. 2011)).

A motion to bifurcate is a matter within the sole discretion of the trial court. *Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018) (quoting *First Tex. Sav. Ass'n v. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992)).  However, an important limitation on the court's discretion is that the issues to be bifurcated "must be so distinct and separate from the others that a trial of it alone may be had without injustice." *McDaniel*, 987 F.2d at 305 (quoting *Swofford v. B. & W., Inc.*, 336 F.2d 406, 415 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1965)).  This limitation exists for two reasons.  First, the Seventh Amendment guarantee of a trial by jury is "the *general right of a litigant to have only one jury pass on a common issue of fact.*" *Id.* (emphasis in original) (quoting *State of Ala. v. Blue Bird Body Co., Inc.*, 573 F.2d 309, 318 (5th Cir. 1978)) (citing *Gasoline Products Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499–500 (1931)).  Second, the "rule has an additional, pragmatic basis—if two juries were allowed to pass on an issue involving

the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *Id.* (citing *Blue Bird Body Co.*, 573 F.2d at 318).

## ANALYSIS

Federal argues that the Court should conduct the trial in two phases. Phase one would consist of a determination of liability and whether Blue Star is entitled to any actual damages based on Federal's conduct. During this first phase, Blue Star would be barred from mentioning any evidence that was relevant purely for determining punitive damages. The second phase of trial—which would only occur if Blue Star were to prevail on phase one—would then allow for a discussion of punitive damages. Blue Star opposes this request, stating that two phases are "not necessary and would cause inconvenience to the Court, the jury, and the parties" (Dkt. #92 at p. 2). The Court agrees with Blue Star.

As a preliminary matter, Federal spends the beginning of its pending motion making arguments as to why this lawsuit should be disposed of in its entirely. Specifically, Federal states "Blue Star lacks standing to pursue this claim" and that Blue Star "did not suffer a covered loss," and for those reasons, Federal is entitled to summary judgment (Dkt. #79 at pp. 4–5). The Court refuses to address these points in this Order because those arguments are more appropriately addressed in another order on the pending motion for summary judgment (Dkt. #55). Therefore, the Court will discuss the merits of this motion—whether it will use its discretion to conduct the insurance coverage trial in one phase altogether, or two separate phases—under the assumption that the case will go to trial.

Federal argues that the Court should hear the case in two phases and cites to different courts that have allowed this in the past. *See State Farm Fire & Cas. Co. v. Woods*, 896 F. Supp. 658, 659–60 (E.D. Tex. 1995) *aff'd*, 129 F.3d 607 (1997); *O'Malley v. U.S. Fidelity & Guar. Co.*, 776

3

F.2d 494, 500–01 (5th Cir. 1985); *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 30 (Tex. 1994). Additionally, Federal states that "Texas courts routinely bifurcate consideration of exemplary damages in coverage issues" (Dkt. #102 at p. 2). However, as Blue Star correctly notes in its response brief, the cases that Federal cite to are outdated, as the issue of bifurcation is procedural in nature and therefore, must be decided under federal law by the Court (Dkt. #92 at pp. 2–3).[1]

In the cases cited by Federal, the various courts provide a similar rationale for granting the request for bifurcation—controlling the discussion of net worth. *See Woods*, 896 F. Supp. 658 at 660. A corporation's net worth, which is relevant for the jury's determination on punitive damages, has the possibility to "severely prejudice" the jury's determination of other disputed issues. *Id.* In *Moriel*, the Texas Supreme Court focused on the balancing of prejudice and how bifurcation minimizes the "confusion and inefficiency" that can result from a bifurcated trial. 879 S.W.2d at 30. Federal raises the same argument here, that the discussion of net worth needs to be prohibited from the first phase of trial. While Federal's argument is well-taken, the Court ultimately disagrees. The Court has routinely conducted insurance trials where the entire case is conducted in one phase, and the Court has never viewed that as a problem. The Court will explain to the jury in the final jury instructions that the discussion of net worth should only be considered for the determination of punitive damages. Additionally, the Court will again point towards the great amount of discretion that is given as to its decision whether to bifurcate a trial and notes that bifurcation is not the usual course that should be followed. *Robison v. Rock Haulers, LLC*, No. 4:22-CV-188, 2023 WL 2170785, at *1 (E.D. Tex. Feb. 22, 2023) (citing *McDaniel*, 987 F.2d at 304).

---

[1] At the time *Woods*, *O'Malley*, and *Moriel* were decided, it had not been established in the Fifth Circuit whether bifurcation was a procedural or substantive matter. *Woods*, 896 F. Supp. 658 at 659 ("[T]he case law in the Circuit is not entirely consistent."). It is now well-established that this issue a procedural issue. *Nester,* 888 F.3d at 153 ("But, in our federal system, bifurcation is a case-specific procedural matter within the sole discretion of the district court.").

4

The Court is confident that a jury can answer the questions that are asked of it, while following the Court's instructions regarding the weight to give any discussion of the insurance company's net worth.  *See Eichenseer v. Reserve Life Ins. Co.*, 934 F.2d 1377, 1385 (5th Cir. 1991) (identifying "comprehensive jury instructions that explain the nature of punitive damages" as a procedural safeguard that helps control the discretion of the factfinder).  The Court does not believe that it will taint the jury's overall decision on liability.  Although Federal argues that there would only be a "nominal" delay in this matter, the Court generally views the solution of two independent phases as simply unnecessary, barring any other extraordinary reason for granting a bifurcated case (Dkt. #79 at p. 9).  However, if the basis is simply that the jury would not be able to render a fair verdict after hearing a corporation's net worth, then the motion will be denied.  Here, since the burden is on Federal to prove that bifurcation is necessary and no other substantive argument is raised, the Court will deny Federal's request under Federal Rule of Civil Procedure 42(b).  *See Tesoro Corp.*, 930 F. Supp. 2d at 662.

## CONCLUSION

It is therefore **ORDERED** that Defendant Federal Insurance Company's Motion to Bifurcate (Dkt. #79) is hereby **DENIED.**

**IT IS SO ORDERED.**

SIGNED this 8th day of June, 2023.

*[Signature]*
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE